PUBLISH

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AURELIA VARELA,

    Plaintiff,

v.

WAL-MART STORES, EAST, INC.,

    Defendant.

No. CIV-99-1492 BRB/RLP

MEMORANDUM OPINION AND ORDER

BALDOCK, Circuit Judge.[*]

After Defendant Wal-Mart Stores refused her settlement offer of $16,500, Plaintiff Aurelia Varela filed this suit against Defendant in New Mexico state court alleging injuries as a result of a slip and fall incident. According to her complaint, Plaintiff was shopping at the Wal-Mart store in Las Vegas, New Mexico, in May 1998, when she slipped on an apple peel near the check-out registers. Plaintiff fell and twisted her back and ankle. As New Mexico law requires, Plaintiff did not allege a specific amount of damages in her complaint.

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

See N.M. R. Civ. P. 1-010B.[1]  Rather, Plaintiff claimed compensatory damages in an amount "reasonable to compensate her for her injuries and losses."

Defendant asked Plaintiff to stipulate that her damages were less than $75,000.  When Plaintiff refused to do so, Defendant removed the action to federal court on the basis of diversity jurisdiction.  See 28 U.S.C. §§ 1332(a) & 1441(a).[2]  Under § 1332(a), a federal district court may exercise diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs."  In its Notice of Removal, Defendant asserts the presence of federal subject-matter jurisdiction because (1) Plaintiff refused to stipulate that her damages were less than $75,000, and (2) a jury rendered a verdict against Defendant for $178,439.01 in a "similar" incident in New Mexico state court.

Now before the Court is Plaintiff's Motion to Remand her action to state court for want of federal subject-matter jurisdiction.  Because Defendant has not met its burden of proving the required amount in controversy, Plaintiff's motion

---

[1] Rule 1-010B provides that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."

[2] The parties agree that Plaintiff is a citizen of the State of New Mexico and Defendant is a foreign corporation based in Arkansas.  See 28 U.S.C. § 1442(b) (action based on diversity of citizenship "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought").

2

is allowed and the cause remanded to state court.

I.

A federal court determines the amount in controversy between the parties on the facts as they exist at the time defendant files a notice of removal. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 851 (5th Cir. 1999). When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998).

In a diversity action originally filed in federal court, the court may dismiss the action for failure to meet the amount in controversy requirement only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). But a suit originally filed in state court and thereafter removed to federal court presents a different situation. Id. at 290. In such a case, a presumption exists against removal jurisdiction, Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982). Accord Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal

3

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Because of the presumption against removal jurisdiction, the burden is on the party requesting removal to establish that the amount in controversy exceeds $75,000. Id. See also State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998) (placing burden of proving jurisdiction on the party asserting it). Where the complaint on its face alleges damages in excess of $75,000, that normally ends the inquiry and a federal court must exercise jurisdiction. 14C Wright, Miller, & Cooper, supra, § 3725 at 73. Where the complaint fails to specify damages, (for instance, due to state law pleading requirements), however, the circuit courts of appeals addressing the question have ruled that a defendant requesting removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994); Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (party asserting jurisdiction must produce "competent proof" and "justify [its] allegations by a preponderance of

4

evidence"). In other words, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

II.

To justify removal, Defendant argues that "Plaintiff's damages <u>could</u> exceed the jurisdictional amount," "a jury <u>could</u> award Plaintiff . . . damages in excess of $75,000," and "Plaintiff <u>could</u> recover more than $75,000." (emphasis added). Applying an incorrect legal standard, Defendant then concludes that because "[i]t is not legally certain that [Plaintiff] would recover less than . . . $75,000 . . . Defendant has met its burden of showing the amount in controversy exceeds the jurisdictional limit." To the contrary, Defendant has failed to carry its burden. Applying the correct legal standard, the Court concludes Defendant has offered insufficient facts to establish by a preponderance of the evidence that Plaintiff's recovery will exceed $75,000.

Defendant offers largely conclusory allegations to justify this Court's exercise of jurisdiction. See <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995) (conclusory allegations insufficient to support removal). For instance, Defendant states: "Wal-Mart can demonstrate that the Plaintiff could recover more than $75,000 because it was a defendant in a case involving similar injuries in New Mexico state court that ended in a verdict for $178,439.01. (<u>Lorraine Martinez v. Wal-Mart Stores, Inc.</u>, Fourth Judicial District, San Miguel County, No. 93-77-CV, Judge Eugenio S. Mathis presiding.)." Defendant,

5

however, provides the Court with literally <u>no</u> underlying facts to establish how that case is similar to this one.  See Laughlin, 50 F.3d at 873 (defendant requesting removal must set forth "underlying facts" to establish amount in controversy).  Defendant also notes that Plaintiff claims compensatory damages for "humiliation, assistance with activities of daily living, permanent future pain and suffering, permanent damages and loss of enjoyment of life."  But again, Defendant provides the court with <u>no</u> underlying facts to establish what the amount of those damages might be.  See Simon, 193 F.3d at 851 (noting Wal-Mart's "affirmative burden to produce information, through factual allegations or an affidavit" showing amount in controversy exceeds $75,000).

The record reflects that as of the date of Defendant's Notice of Removal, Plaintiff had incurred medical expenses of approximately $3,000.  Because she is elderly and retired, Plaintiff makes no claim for lost wages or earning capacity.  She also makes no claim for punitive damages.  Plaintiff offered to settle her claims against Defendant for $16,500.  The Court seriously doubts that Plaintiff discounted her damages by more than $58,500 just to stay out of federal court.  Initial settlement offers are generally inflated, not deflated.  See Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996) (recognizing that "[i]n trying to settle a claim, counsel naturally will try to inflate its value").

Defendant suggests Plaintiff's "argument that her damages are less than the jurisdictional amount begs the question why she won't stipulate to a $75,000

damage limitation." Defendant essentially asks the Court to shift the burden to Plaintiff by establishing a rule whereby a plaintiff must stipulate that her damages are less than the jurisdictional amount in order to avoid removal to federal court. But the fact that a jury could conceivably award Plaintiff damages in excess of $75,000 is immaterial. See Gibson v. Jeffers, 478 F.2d 216, 220 (10th Cir. 1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith."). Because Plaintiff is the master of her lawsuit, the Court declines to draw any negative inference from her refusal to stipulate to a cap on damages in the absence of any proof that her claims exceed the required amount in controversy.[3]

III.

Because Defendant's removal is based on speculation about what a jury might do, rather than on the facts as they existed at the time of removal, Plaintiff's Motion to Remand this cause to the Fourth Judicial District Court for the State of New Mexico, San Miguel County, is ALLOWED pursuant to 28

---

[3] In a letter rejecting Defendant's proposed stipulation, Plaintiff's counsel offered sound reasons for her decision:

> At this time it appears that our's clients case will be worth less than $75,000, but nonetheless we cannot stipulate to a cap on damages as your client proposes. It is impossible to predict what the future medical needs of our client may be, and we certainly cannot predict what a jury might do.

7

U.S.C. § 1447(c), for want of federal subject-matter jurisdiction. The Court shall entertain Plaintiff's request for attorney fees pursuant to § 1447(c) upon submission of proper documentation within fourteen days. Upon such submission, Defendant shall have fourteen days to respond.

SO ORDERED.

Entered for the Court
this 13th day of March, 2000


Bobby R. Baldock
United States Circuit Judge
Sitting By Designation


Attorney of Record:

Thomas B. Stribling III, Esq., & John D. Webber, Esq., of The Stribling Law Firm, Albuquerque, New Mexico, for Plaintiff.

A. Brent Bailey, Esq., Nelse T. Schreck, Esq., & Steven S. Scholl, Esq., of Dixon, Scholl, & Bailey, P.A., Albuquerque, New Mexico, for Defendant.